UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLENN EDWARD GIPSON,

                              Plaintiff,

        v.                                                    Case No. 21-cv-433-pp

JASON BENZEL, DAISY C. CHASE,
and DIVISION,

                              Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING
COMPLAINT UNDER 28 U.S.C. §1915A**

Glenn Edward Gipson, who formerly was incarcerated and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee
         (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 6, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $11.62. Dkt. No. 5. The court received that fee on May 17, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

"accepted as true, to 'state a claim to relief that is plausible on its face.'"
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.
Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the
plaintiff pleads factual content that allows a court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." Id. (citing
Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege
that someone deprived him of a right secured by the Constitution or the laws of
the United States, and that whoever deprived him of this right was acting
under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793,
798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d
824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by
plaintiffs who are representing themselves and holds such complaints to a less
stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720
(citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff alleges that on December 2, 2020, he was in custody at
Dodge Correctional Institution. Dkt. No. 1 at 2. He says he filed a complaint
about his cell being "to[o] cold; fix heat." Id. He attempted to contact R. Frye
but did not receive a response. Id. He tried a second time to contact R. Frye but
still did not receive a response. Id. The plaintiff does not say who R. Frye is or
what his or her position is at Dodge.

The plaintiff alleges that he submitted an interview/information request to the warden at Dodge, Jason Benzel. <u>Id.</u> Warden Benzel also did not respond to the plaintiff. <u>Id.</u> The plaintiff says he received a response from the deputy warden, whose name he does not provide. <u>Id.</u> The deputy warden told the plaintiff to "follow the institution Resour[c]es Guide to address questions and issues by contacting the listed staff members pursuant to DOC 310.07(1) Wis. Adm code." <u>Id.</u> at 2–3. The plaintiff says he requested the resources guide but "could not proceed because there is no Institution Resour[c]es Guide[.] There For [sic] I have no Due process and all my complaints are rejected." <u>Id.</u> at 3.

The plaintiff also alleges that he needs a soft diet. <u>Id.</u> He says his front teeth are loose "because it took so long to get this [d]iet." <u>Id.</u> He alleges he was in a cell with two other inmates. <u>Id.</u> He does not say whether the cell was meant to house three inmates or fewer. He says he "was so cold in that three man cell; water on the floor." <u>Id.</u>

The plaintiff asks the court "to get the institution Resour[c]es Guides back on the units." <u>Id.</u> at 4. He also asks that the court "get them to respond to our request. Its so hard to get issues addressed." <u>Id.</u> He also seeks "[m]aybe an award of money for violation of Federal law." <u>Id.</u>

C.   <u>Analysis</u>

The court perceives that the plaintiff is alleging that he did not receive responses to his inmate complaints from R. Frye and Warden Benzel. The First Amendment does not mandate prison grievance procedures. <u>Owens v. Hinsley</u>, 635 F.3d 950, 953 (7th Cir. 2011). That means a prison that provides a

4

grievance procedure for inmates to submit complaints does not "create interests protected by the Due Process Clause, and so the alleged mishandling of [an inmate's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Id.; see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). The plaintiff does not allege that R. Frye or Warden Benzel caused the cold conditions. He alleges that he attempted to complain about the cold conditions to them, but that only the deputy warden responded. That R. Frye and Warden Benzel did not respond to his complaints does not state a claim against them.

The plaintiff also raises issues with the conditions of his confinement. The Eighth Amendment imposes a duty on prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). This means officials may not deprive an incarcerated person of "essential food, medical care, or sanitation." Rhodes v. Chapman, 452 U.S. 337, 348 (1981)). Nor may a state subject prisoners "to conditions of confinement amounting to cruel and unusual punishment." Giles v. Godinez, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing Rhodes, 452 U.S. at 345-47). But only "extreme deprivations" will amount to cruel and unusual conditions of confinement. Id. (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)).

5

An Eighth Amendment claim consists of both objective and subjective components. Farmer, 511 U.S. at 834. In the context of a conditions-of-confinement claim, an incarcerated person must show that he has been deprived of "'the minimal civilized measure of life's necessities.'" Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes, 452 U.S. at 347). The subjective component requires the incarcerated person to demonstrate that prison officials acted with the requisite intent; that is, that the officials acted with "deliberate indifference" to a substantial risk that the plaintiff would suffer serious harm. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The plaintiff's allegations about the cold temperatures he experienced at Dodge might satisfy the objective component of an Eighth Amendment claim. See Dixon v. Godinez, 114 F.3d 640, 643 (7th Cir. 1997) (citing cases explaining that inmates exposed to severe cold without "alternative means of warmth" and/or for an extended duration may state an Eighth Amendment claim). But he provided the court with very few facts. The plaintiff says only that the cell was "to[o] cold" or "so cold." Dkt. No. 1 at 2-3. He does not say how long the heat was inadequate or whether he had alternative means of warmth, such as a blanket or coat. Even if the plaintiff's allegations were sufficient to satisfy the objective component, they do not satisfy the subjective component. He alleges that he filed a complaint about the cold, but he does not say

whether any prison official was aware of the plaintiff's concern and disregarded it. Nor does the plaintiff make clear who he believes was responsible for the cold conditions at Dodge. The allegations in the complaint do not provide enough information to state an Eighth Amendment claim about the cold conditions.

The plaintiff's allegations about his food are similarly vague. He alleges that he "needed a soft diet" and that his front teeth were loose "because it took so long to get this diet." Id. at 3. His allegations suggest the prison eventually provided him a soft diet but that he has suffered lasting ill effects because of the delay. Those allegations may satisfy the objective component of an Eighth Amendment claim. See McBride v. Henderson, No. 14-CV-01325-MJR, 2015 WL 93356, at *2 (S.D. Ill. Jan. 6, 2015) (suggesting a prisoner could state an Eighth Amendment claim against "staff who denied him adequate access to soft food"). But the plaintiff does not say whether he had a prescription or medical restriction for a soft diet or whether he simply wanted one. Nor does he say whether he ever asked prison staff to provide him a soft diet or, if he did, who he asked and who denied or delayed responding to his request. A prison official cannot be held liable for conditions of which he was never made aware. If the plaintiff never asked for a soft diet or received a medical prescription for one, prison staff would not be liable for not providing him that alternative diet. As with his allegations about the cold conditions, the plaintiff has not alleged enough to state a claim about his desire for a soft diet.

The plaintiff alleges he was in a cell with two other cellmates. He does not say whether the cell was meant for fewer than three inmates. Double- or triple celling inmates in a single cell does not violate the Eighth Amendment unless doing so deprives the inmates of essential needs, creates health issues or leads to "other 'unsafe and unsanitary conditions.'" Uhde v. Wallace, No. 07-CV-714-BBC, 2008 WL 4643351, at *4-*5 (W.D. Wis. Mar. 26, 2008) (quoting French v. Owens, 777 F.2d 1250, 1252–53 (7th Cir. 1985); and citing Rhodes, 452 U.S. at 348). The plaintiff does not say whether having two cellmates affected his access to essential services, created a health issue or otherwise exposed him to unsafe or unsanitary conditions. He merely alleges that he was in a "[t]hree man cell." Dkt. No. 1 at 3. The plaintiff's lone allegation about having two cellmates does not state an Eighth Amendment claim.

Similarly, the plaintiff says there was "water on the floor." Dkt. No. 1 at 3. In most situations, water on the floor of a cell or prison "poses little risk of serious harm to inmates" and does not state an Eighth Amendment claim. Watkins v. Lancor, 558 F. App'x 662, 665 (7th Cir. 2014) (citing cases). The plaintiff does not specify where in the cell or prison the water was, how long the water was there or whether prison officials were aware of the water. He does not allege that he had to sleep in the water or that he ever slipped on the water and injured himself. The plaintiff's statement that there was water on the floor does not state a claim.

The plaintiff names "Division" and Daisy C. Chase as defendants. But the complaint does not explain who these defendants are or allege any misconduct

or acts by either. Naming the defendants in the caption of the complaint without alleging what they did to violate the plaintiff's rights is not enough to hold them liable under §1983. See Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017) (noting that to establish liability under §1983, "[t]he plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct"). The plaintiff has not stated a claim against Division or Daisy C. Chase.

The plaintiff alleges several issues that in certain situations could state an Eighth Amendment claim. But the complaint does not provide enough facts to state a claim. It is possible that with additional information, the plaintiff's allegations could state a claim for violation of his federal rights. The court will give the plaintiff an opportunity to file an amended complaint with additional detail about the conditions of his confinement.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the

9

defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the **$83.38** balance of the filing fee as he is able.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **June 27, 2022**. If the plaintiff files an amended complaint in time for the court to receive it by Monday, June 27, 2022, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss this case

10

based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court includes with this order a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank amended complaint form.

Dated in Milwaukee, Wisconsin this 26th day of May, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

11