UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLENN EDWARD GIPSON,

           Plaintiff,

v.                                             Case No. 21-cv-433-pp

JASON BENZEL, DAISY C. CHASE,
and DIVISION,

           Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

On May 26, 2022, the court issued a screening order concluding that the plaintiff's complaint under 42 U.S.C. §1983—which he filed himself, without a lawyer's help—failed to state a claim. Dkt. No. 9. The court gave the plaintiff the opportunity to file an amended complaint, requiring him to file it "in time for the court to *receive* it by the end of the day on June 27, 2022." Id. at 10. The court warned the plaintiff that if he "[did] not file an amended complaint by the deadline, the court [would] dismiss this case based on the plaintiff's failure to state a claim in his original complaint and [would] issue him a strike as required by 28 U.S.C. §1915(g)." Id. at 10–11.

The June 27, 2022 deadline has passed, and the plaintiff has neither filed an amended complaint nor requested additional time to do so. The court's order was not returned to the court as undeliverable and the court has not received a change-of-address notice from the plaintiff, so the court had no evidence that the plaintiff did not receive the May 26, 2022 order. As the court

1

said it would in the May 26, 2022 order, the court will dismiss this case because the original complaint fails to state a claim.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. Dkt. No. 1.

The clerk's office will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and

2

Case 2:21-cv-00433-PP   Filed 06/28/22   Page 2 of 3   Document 10

determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of June, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3
Case 2:21-cv-00433-PP   Filed 06/28/22   Page 3 of 3   Document 10